## CHARLES E. NIXON v. LLOYD B. McCOY.[1]

April 13, 1923.

No. 23,059.

**Burden of proof on plaintiff in action to recover from relative for services rendered a pauper.**

In an action to recover for medical services rendered the father of the defendant, the action being based upon the liability imposed by G. S. 1913, § 3067, the father being alleged to be a poor person and unable to earn a livelihood, the statute imposing liability only in the event that the son has sufficient ability, the burden of proof of ability is upon the plaintiff; and the evidence does not sustain a finding of ability.

Action in the municipal court of Minneapolis to recover $156 for medical services. The case was tried before Reed, J., who made findings and ordered judgment in favor of plaintiff. From an order denying his motion for a new trial, defendant appealed. Reversed.

*James E. Carr*, for appellant.

*C. E. Warner*, for respondent.

[1]Reported in 193 N. W. 40.

DIBELL, J.

Action to recover the value of the services of the plaintiff, a physician, rendered the father of the defendant. There were findings for the plaintiff and the defendant appeals from the order denying his motion for a new trial.

The right of recovery is based upon G. S. 1913, § 3067, which makes the relatives of a poor person unable to earn a livelihood liable for his support, they "having sufficient ability," and the duty is cast first upon the children. The statute has been construed in several cases. Hendrickson v. Town of Queen, 149 Minn. 79, 182 N. W. 952, and cases cited. The court finds that the defendant at all times was able to care for his father. Such a finding is essential to a recovery. The burden of proving ability is upon the one asserting liability. We find no evidence in support of it and the finding is not sustained.

Some other questions are argued in the briefs. Most of them are not raised by the record.

Order reversed.